Municipal Court of Dayton.

ALLEN F. BECHER V. ARTHUR J. KIEFER and WILMA D. KIEFER.

Decided September 9, 1926.

CECIL, J.

This cause is before the court on a demurrer to the statement of claim, on the ground that the statement of claim does not state a cause of action.

The statement of claim avers that the defendants are indebted to plaintiff in the sum of $226 for work, labor and services rendered through the agent of the plaintiff in procuring a buyer ready, willing and able to purchase and who did purchase the defendants' property; that said services were reasonably worth the amount claimed, and that the defendants refused to pay the said sum.

The question involved here is: Whether or not plaintiff can recover in an action on *quantum meruit* for these services where it is impossible for him to bring an action upon the express contract for said services by reason of Section 8621 of the General Code of Ohio, commonly known as the statute of frauds? This section as far as applicable to this case is as follows:

"No action shall be brought whereby to charge the defendant, * * * upon an agreement, promise or contract to pay any commission, for or upon the sale of an interest in real estate, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person by him or her lawfully authorized."

The determination of this question involves the construction of the statute just quoted.

The contention of the plaintiff is that where the services have been rendered a contract by implication of law will arise by which the plaintiff can recover the reasonable value of the services.

Let us consider first what the purpose of the Legislature was in enacting this amendment which was passed by the last Legislature at their session in Columbus in 1925. We can best express the purpose of the Legislature by quoting from the Supreme Court of Indiana, in the case of *Zimmerman* v. *Zehnder*, 164 Ind., 467, as follows:

"It is a matter of common knowledge that before the enactment of this statute, numerous suits were being instituted from time to time by agents and brokers who claimed commissions on sales of land, on the ground that they had been instrumental in procuring the purchasers, and these claims were often resisted by the defendants because, as alleged, there was absolutely no basis for them. On the other hand, agents and brokers complained that owners, when sales were once affected by agents, often after the expenditure of great effort, were given to repudiating their honest obligations. An examination of court records will reveal the contradictory testimony of the interested parties in such cases and show the extreme difficulty imposed upon courts and juries in ascertaining the truth. No doubt the principal motives which actuated the General Assembly in enacting the amendment was to put an end to such disputes and prevent fraud and perjury; and we believe the enactment is well within the police powers of the state."

Let us now examine the language of the statute to see whether or not the Legislature has made clear by their language the intention, to which we have just referred. "No action shall be brought * * * upon an agreement, promise or contract to pay any commission * * *". Can it be said that the Legislature in using the words "agreement, promise or contract" did not intend to include an "implied" contract, promise or agreement? What is meant by the words, "any commission"?

In the case of *Ralston* v. *Kohl's Admr.*, 30 O. S., 98, the term commission is defined as follows :

"Commission legally imports a sum allowed as compensation to a servant, factor, or agent who manages the affairs of others, in recompense for his services. The right to such an allowance may either be the subject of a special contract or it may rest on implied contract to pay *quantum meruit.*"

It would seem that the term "commission" is meant to include compensation or remuneration in any form for any services rendered "for or upon the sale of an interest in real estate."

It appears to us that the Legislature has said in clear and unmistakable language that *no* action shall be brought to charge the defendant upon an agreement, promise or contract, *express or implied,* to pay *any commission* for the services of an agent or broker in selling an interest in real estate, unless there is an agreement or memorandum in writing signed by the party to be charged or his lawfully authorized agent. To construe this language in any other way would create disrespect in the minds of the people for the law we have taken an oath to maintain and support. It would seem to make a mockery of our whole system of jurisprudence if the law permitted a thing to be done indirectly which could not be done directly. This same statute was involved in the decision of Judge White of the Common Pleas Court of Montgomery county in *Prugh et al.* v. *Whitmore.* We find the following language:

"This latter agreement is the one upon which the suit is based, and this is the agreement which the court is of the opinion is necessary to allege to have been in writing as a condition precedent to the right to maintain an action and to take it out of the operation of frauds."

After quoting some of the allegations of the petition Judge White continues:

"These allegations form the basis of the action upon a *quartum meruit* basis. The court is of the opinion that the law will not imply an obligation to pay a commission in the face of a statute requiring a promise or contract to pay a commission to be in writing and so forth. The law will not imply a contract to pay a commission when the

statute requires such promise to be in writing. It will not permit a suit to be brought on a *quantum meruit* basis when one could not be brought on the special promise."

Counsel for the plaintiff in support of the cause of action contained in the statement of claim cites the case of *Saxe* v. *Krekeler,* 24 O. L. R., 539. Judge Struble, who decided this case, bases his decision upon the case of *Towsley* v. *Moore,* 30 O. S., 184, and in his decision quotes the 1st syllabus of this case, which is as follows:

"Although an action cannot be maintained upon a verbal contract not to be performed within one year yet when such contract has been fully performed by one party the other having obtained its benefits he cannot refuse to pay the reasonable value thereof."

This case was decided upon a different portion of Section 8621 of the General Code of Ohio, which is as follows, to-wit:

"No action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought or some memorandum or note thereof is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

We cannot agree with the decision of Judge Struble and since a different portion of the statute of frauds is involved in the Towsley case than that involved in the Saxe case and the one at bar, the reasoning advanced in the Towsley case is not applicable to the one at bar. The portion of the statute with which we are concerned in the case at bar has made it necessary that a specific kind of contract, to-wit: A contract creating an agency for the sale of real estate on a commission to be in writing before an action can be brought for the enforcement of said contract; whereas, in the Towsley case the portion of the statute involved was one making it necessary that all contracts if they were not to be performed within one year be in writing. In the first it was the *kind of contract* that the

Legislature was interested in; whereas, in the latter it was the *time of performance* of the contract in which the Legislature was interested.

The statute of frauds was enacted as a means of preventing frauds and perjuries, and where a contract was not to be performed within one year, it was apparently considered by the Legislature that because of the time involved it would be too difficult to prove the terms of the contract and open the way to frauds and perjuries. Where there is a contract between two parties, which contract is not to be performed within one year, if the parties go ahead and execute the contract, the law will permit an action to be brought upon an implied contract, upon the theory that a new contract has been made and the plaintiff is entitled to recover the reasonable value of the services rendered or goods supplied. This will not be according to the terms of the original contract since that contract is null and void by reason of the statute of frauds. Therefore, a suit on *quantum meruit* will offer no greater inducement for frauds and perjuries than a suit on an oral contract to be performed at once, if the contract is the *kind* or *form* of contract otherwise authorized by law. In the case of real estate contracts where it is the kind of contract, or the subject matter of the contract itself that the Legislature has intended to reach, *quantum meruit* will not lie.

In the case of *Blair* v. *Austin,* 71 Nebraska, 401, the court made the following distinction:

"In the case of an agreement for services, void because not to be performed within a year, a recovery for services rendered is in no way interfered with by the statute. The latter does not make an agreement to do that particular work void unless in writing. Consequently, the statute of frauds is not in any way inimical to a recovery on the implied contract for the work actually done. On the contrary, such a right is one of the results of doing completely away with the void oral agreement. The statute now under consideration, however, provides that any agreement for the performance of services as a real estate broker shall be void unless in writing. Is it not as applciable to an implied agreement as to any other"?

The Nebraska statute upon which this case was decided is as follows:

"Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

In the Saxe case Judge Struble said:

"In the pending case the plaintiff having produced a purchaser who agreed to and did purchase the property, her agreement with the defendant has been fully executed on her part, and if she was not permitted to recover for the value of her services she performed and the benefits to the defendant thereby, Section 8621, *supra*, would become the means whereby the defendant could commit a wrong and would thereby become a shield and a protection to fraud, instead of a prevention of fraud, as is its purpose."

This argument will work either way. "Hard cases make bad law." Every one is presumed to know the law and this applies to the real estate man as well as the vendor of real estate.

If the presumption just referred to is to mean anything at all, we must interpret the statutes to mean what the Legislature has said in clear and concise language; otherwise, no one will be able to know what the law is. We are, therefore, of the opinion that the Legislature has intended that no action shall be brought to collect a commission for the sale of real estate unless there is a contract or memorandum in writing signed by the party to be charged with said commission or by his lawfully authorized agent. To hold otherwise would, in our opinion, absolutely invalidate the action of the Legislature in making the amendment herein above referred to. The demurrer will be sustained.